(Sitting in First Circuit.)

CATHERINE HEINTZ V. FRANK CALDWELL ET AL.

1. ERROR TO EXCLUDE CONTRADICTORY STATEMENTS OF WITNESSES.

It is error to exclude statements of a witness which are contradictory to his previous testimony, when such statements carry with them an affirmance of facts.

2. INJURED PERSON MUST USE CARE IN SELECTION OF A PHYSICIAN.

A person injured through the fault of another is bound to use only ordinary care in the choice of a physician.

3. PERSON BITTEN BY DOG MAY TESTIFY AS TO MENTAL SUFFERING.

One bitten by dogs may testify as to mental suffering through fear of hydrophobia and lockjaw; and instruction to the jury that recovery may be had on this account does not cure the error in excluding the evidence.

PARKER, J.; MARVIN and WILSON, JJ., concur.

It appears from the record in this case that the plaintiff in error brought a several action against the defendants in error in the court of common pleas of this county on account of injuries which she alleged she had received from being bitten by dogs owned and harbored by the defendants in error; and that the cause was duly tried to a jury, which returned a verdict in her favor for one hundred dollars, upon which judgment was entered.

Being dissatisfied with the amount of this judgment, she made a motion for a new trial, in due time, which was overruled. She now prosecutes error in this court to reverse that judgment.

Without undertaking to recite fully the facts and circumstances appearing in evidence, we content ourselves with briefly stating our conclusions. We are of the opinion that the trial court erred in the following particulars:

First, in not permitting witnesses on behalf of the plaintiff to testify to declarations made by William Glazer, a witness on behalf of the defendants, which were inconsistent with and contradictory to his testimony in chief as well as upon cross-examination, while testifying as a witness on behalf of the defendants. It is stated that the trial court refused to allow the witnesses to testify to these contradictory statements of Glazer because it appeared to him that they were mere expressions of opinion upon the part of Glazer and were, therefore, incompetent and immaterial. It appears to us that these declarations of Glazer carried with them an affirmance of facts which were not at all in harmony with his statement of facts material to the issue upon his examination in chief.

Secondly, we are of the opinion that the trial court erred in its charge to the jury with respect to the plaintiff's right to recover on account of increase of pain which might have been occasioned by improper treatment upon the part of her physician. We are of the opinion that the person injured is bound to use only ordinary care in the choice of a physician, and it does not appear in this record that the plaintiff did not exercise such care in the premises. Having exercised such

Heintz v. Caldwell et al.

care in endeavoring to be healed, we are of the opinion that she was entitled to recover the damage resulting from the injury received by the bite of the dogs, and also for the increase of suffering which may have resulted from the physician failing to apply the best or most approved treatment or remedies; and that this view is sustained by the case of Loeser v. Humphrey, 41 O. S., 378, as well as by a great many other cases cited in the brief of counsel for plaintiff in error.

Thirdly, we hold that the court also erred in not permitting the plaintiff to testify to the mental suffering consequent upon her apprehensions of hydrophobia and lockjaw resulting from the dogs biting her. When the learned judge came to charge the jury, he seems to have concluded that plaintiff was entitled to recover on this account; but his charge in that respect could not cure the error occurring upon the exclusion of the evidence.

We find no other errors in the record prejudicial to the plaintiff in error; that is to say, none which bear directly upon the amount of her recovery. The views of counsel for plaintiff in error as to the competency of testimony of non-expert witnesses as to the condition of the plaintiff resulting from the injury which they personally observed, we subscribe to, but we think, nevertheless, that as the question was presented to the trial court his rulings upon the evidence were correct.

As to the evidence of the actuary or mathematician which plaintiff undertook to introduce, we are of the opinion that it should have been admitted, that the problem being one that required skill in computation, the testimony of the results attained by one so skilled might properly be received; but believing that this was largely in the discretion of the trial judge, we do not find that there was error in his ruling to justify a reversal of the judgment.

For the reasons stated, the judgment of the court of common pleas will be reversed, and the cause remanded to that court for trial and other proceedings according to law.

*Mortimore Matthews*, for plaintiff in error.

*Levy Johnson*, for defendants in error.